## CONTINENTAL INVESTMENT AND LOAN SOCIETY

### *v.*

### THE STATE OF ILLINOIS.

*Opinion filed December 22, 1899.*

PRACTICE—*Court rules must be observed.* Failure to file proper declaration meeting requirements of the statute and rules of the Commission; failure to take evidence in support of claim and failure to file abstracts and briefs as provided by rules 4, 7, 11 and 12, will support a motion by the State to dismiss the claim.

This is a claim filed May 16, 1898, in the Auditor's office, sworn to by Graham H. Harris, averring an indebtedness against the State of Illinois for fees and expenses paid out and accrued in the case of The People v. Continental Investment and Loan Society on relation to the Auditor of Public Accounts of the State of Illinois, which the claimant avers were paid out in defending said litigation. The claimant avers they were all necessary expenses paid out by order of the Board of Directors of the Continental Investment and Loan Society and the amounts were itemized and aggregate the

total sum of fifteen hundred and thirty-two dollars and ninety-five cents.

Rule 4 of the printed rules of the Commission, requires every claimant to file a written or printed declaration with the Auditor containing a statement of his or her claim, which delcaration is required after giving the title of the court and term, and the venue, and the commencement, to state concisely the facts constituting the claim, the time when and the place where the claim arose, the amount claimed; and all facts necessary to a full understanding of such claim; and if such claim accrued by virtue of a contract, a copy of such contract to be filed with the declaration, together with the name and present residence, if known, of the officer or agent with whom the contract was made.

A bill of particulars stating in detail each item claimed and the amount shall be attached to and made a part of the declaration.

The claimant is also required to state his or her claim has never been assigned or if assigned, to whom and when such assignment was made and the names of all persons interested in the claim. He is also required to state that his or her claim has never before been presented to any department or officer of the State; or, if it has been, shall state when and to what department or officer, and what action has been had thereon.

The claimant should verify his claim and unless verified under oath by claimant it shall not be filed by the clerk. The declaration filed in this case falls short of these requirements and a motion was filed by the State asking that the cause be dismissed, assigning the following grounds:

First: That said claim does not state the result of the suit against the Continental Investment and Loan Society, or what judgment, if any, was entered therein.

Second: That said claim does not show how or in what way the State of Illinois is or should be held liable for the expenses accrued by the Continental Investment

and Loan Society in defending litigation in said claim mentioned.

Fourth: That said claim does not state when and to what department or officer the same was presented and with what results, or that it has never been presented to any department or officer.

This motion was filed August 2, 1898; but was not considered at the August term, 1898. On November 28, 1899, another motion was filed by the Attorney General for and on behalf of the State urging a dismissal of said claim, upon the grounds assigned in the first motion; and, upon the following additional grounds:

First: The claimant has failed to take and file proofs in support of his claim as required by section 4 of the statute governing proceedings in the Commission of Claims and of rule 7 of this Commission.

Second: Claimant has failed and neglected to make and file abstracts and argument as required by rules 11 and 12 of this Commission.

The objections urged by the State seem to be tenable. In other words, the files fail to show a proper declaration to have been filed meeting the requirements of the statute and the rules of this Commission; nor, does it appear any evidence has ever been taken in support of the claim; nor does it appear any abstract or briefs have been filed. It is not the disposition of this Commission to dismiss claims without a hearing upon the merits, but sufficient time has elapsed since the filing of this claim to have filed a proper declaration, to have taken the testimony necessary to support it, and to have filed the necessary arguments and briefs as required by rules 7, 11 and 12.

The Commission deeming the motions filed in this cause by the State and the grounds assigned well taken can do nothing else than enter an order dismissing the claim.

Claim dismissed.